## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| BERTHA ESCALANTE GALINDO, INDIVIDUALLY, AND AS NEXT FRIEND OF DAMARIS CALLEJAS ESCALANTE AND TANIA CALLEJAS ESCALANTE; AS A JUDGMENT CREDITOR OF KEVIN ALEXI OCHOA-HERNANDEZ; AND ON BEHALF OF KEVIN ALEXI OCHOA-HERNANDEZ | § § § § § § § § § | |
| *Plaintiffs* | § § | **Case No. 1:19-CV-00904-SH** |
| v. | § § | |
| EMPOWER MANAGING GENERAL AGENCY INC. AND OLD AMERICAN COUNTY MUTUAL FIRE INSURANCE COMPANY | § § § § § | |
| *Defendants* | § | |

## ORDER

Before the Court are Defendant Empower Managing General Agency, Inc.'s ("Empower") Motion for Summary Judgment, filed April 17, 2020 (Dkt. 31), and Plaintiffs' Response, filed April 30, 2020 (Dkt. 32).[1]

## I.   Background

This lawsuit arises out of an October 2013 automobile accident in Austin, Texas. Dkt. 28 ¶ 6. Kevin Alexi Ochoa-Hernandez ("Hernandez") was driving his car when he struck and killed David Callejas-Perez ("Perez"). *Id.* Plaintiffs[2] allege that, at the time of his death, Perez was married to Bertha Escalante Galindo ("Galindo"). *Id.* ¶ 7. Perez and Galindo had two minor children, Damaris Callejas Escalante and Tania Callejas Escalante. *Id.* ¶ 8. At the time of the accident, Galindo and

---

[1] The parties have consented to trial before the undersigned Magistrate Judge.

[2] Plaintiffs are Bertha Escalante Galindo, individually and as next friend of her children, Damaris Callejas Escalante and Tania Callejas Escalante; as a judgment creditor of Kevin Alexi Ochoa-Hernandez; and on behalf of Hernandez through a turnover order, pursuant to TEX. CIV. PRAC. AND REM. CODE § 31.002.

the children lived in Mexico, while Perez was working in Texas. *Id.* Hernandez was insured by Defendant Old American County Mutual Fire Insurance Company ("Old American"). *Id.* ¶ 10. Hernandez reported the accident to Old American, which, Plaintiffs allege, directed Defendant Empower to investigate and handle the claim. *Id.* ¶¶ 10-11.

Empower received a wrongful death claim from Maria de Banda Resendez ("Resendez") and Jason Perez Banda ("Banda"), who claimed to be the surviving wife and child of Perez. *Id.* ¶¶ 12, 15. Empower paid Hernandez's entire policy limits to Resendez and Banda. *Id.* ¶ 13. Plaintiffs allege that Empower did not require Resendez or Banda to present a marriage or birth certificate and thus was negligent. *Id.* ¶¶ 13-14.

After Empower paid Resendez and Banda, Galindo presented Empower and Old American with a *Stowers* demand on behalf of herself and her children, as Perez's survivors. *Id.* ¶ 19. Empower and Old American denied the demand, asserting that they already had paid out the limits of Hernandez's policy. *Id.* ¶ 20. Plaintiffs allege that Empower and Old American "were on notice that they had paid their policy to persons not entitled to make a claim." *Id.* ¶ 22.

Galindo then sued Hernandez on behalf of herself and her children. *See id.* ¶ 21; *Galindo v. Ochoa-Hernandez*, No. D-1-GN-14-004653 (200th Dist. Ct., Travis County, Tex. Nov. 6, 2014). Plaintiffs allege that they notified Old American and Empower that they had sued Hernandez, but both refused to provide Hernandez a defense. Dkt. 28 ¶¶ 21-22. On November 13, 2018, the 200th District Court entered judgment against Hernandez for $300,000, which was in excess of his policy limits. *See* Dkt. 1-1 at 8-9; Dkt. 28 ¶ 23. On January 3, 2019, the state court issued a turnover order assigning to Plaintiffs Hernandez's causes of action "against any insurer including, but not limited to, Empower Insurance Group," and ordering that "Plaintiffs are entitled to proceed to prosecute and/or settle all such assigned claims" in Hernandez's name. Dkt. 1-1 at 38; *see also* Dkt. 28 ¶ 23.

On August 2, 2019, Plaintiffs filed suit in Texas state court against Empower and Old American, alleging *Stowers* liability for negligently failing to settle; negligence under *Tex. Farmers Ins. Co. v. Soriano*, 881 S.W.2d 312, 314 (Tex. 1994) for failing to investigate before paying a claim; and breach of contract. Dkt. 1-1 at 4-5; *Galindo v. Empower Managing General Agency, Inc.*, No. D-1-GN-19-004595 (250th Dist. Ct., Travis County, Tex. Aug. 2, 2019). Defendants removed the case to this Court on September 13, 2019. Dkt. 1. On April 16, 2020, Plaintiffs filed their First Amended Complaint, alleging the same causes of action. Dkt. 28.

## II.    Legal Standard

Summary judgment shall be rendered when the pleadings, the discovery and disclosure materials, and any affidavits on file show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable factfinder could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio, Corp.*, 475 U.S. 574, 587 (1986); *Washburn*, 504 F.3d at 508. A court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations are not competent summary judgment evidence, and thus are

insufficient to defeat a motion for summary judgment. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 345 (5th Cir. 2007). Unsubstantiated assertions, improbable inferences, and unsupported speculation also are not competent summary judgment evidence. *See id.* at 345-46. The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports its claim. *See Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006). If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

### III.      Analysis

Empower argues that it is entitled to summary judgment on all of Plaintiffs' claims. Empower contends that summary judgment is appropriate on the claims under *Stowers* and *Soriano* because it is not an insurer, and on the breach of contract claim because it was not a party to a contract with Hernandez. Dkt. 31 ¶¶ 5-7. The Court addresses these arguments in turn.

#### A.  *Stowers* and *Soriano* Claims

Because this case was removed from Texas state court on diversity jurisdiction, Texas substantive law applies. *Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 78-80 (1938); *Lockwood Corp. v. Black*, 669 F.2d 324, 327 (5th Cir. 1982).

##### 1.  *Stowers*

Empower argues that, under Texas law, a *Stowers* duty is imposed only on an insurer, so a cause of action for breach of a *Stowers* duty cannot be imposed on any party other than the insurer. Dkt. 31 ¶ 5. Empower contends that it is not an insurer and thus cannot be liable for a *Stowers* violation. Plaintiffs disagree, contending that Empower is liable as an insurer and authorized claim representative for Old American. *Id.* ¶¶ 1, 5.

Under Texas law, the *Stowers* doctrine imposes a duty on insurance companies to "exercise that degree of care and diligence which an ordinarily prudent person would exercise in the management of his own business in responding to settlement demands within policy limits." *Soriano*, 881 S.W.2d at 314 (internal quotation marks omitted). A *Stowers* cause of action arises when an insurer negligently fails to settle a claim covered by an applicable policy within policy limits. *Seger v. Yorkshire Ins. Co.*, 503 S.W.3d 388, 395 (Tex. 2016). To prove a *Stowers* claim, the insured must establish that (1) the claim is within the scope of coverage; (2) a demand was made that was within policy limits; and (3) the demand was such that an ordinary, prudent insurer would have accepted it, considering the likelihood and degree of the insured's potential exposure to an excess judgment. *Id.* at 395-96. "When these conditions coincide and the insurer's negligent failure to settle results in an excess judgment against the insured, the insurer is liable under the Stowers Doctrine for the entire amount of the judgment, including that part exceeding the insured's policy limits." *Phillips v. Bramlett*, 288 S.W.3d 876, 879 (Tex. 2009).

The *Stowers* duty extends to investigation of the claim, preparation for defense of the lawsuit, trial of the case, and reasonable attempts to settle. *Ranger Cnty. Mut. Ins. Co. v. Guin*, 723 S.W.2d 656, 659 (Tex. 1987). Under the *Stowers* doctrine, an insurer can be liable for tortious conduct in handling a claim. *American Centennial Ins. Co. v. Canal Ins. Co.*, 810 S.W.2d 246, 251 (Tex. App.—Houston [1st Dist.] 1991), *rev'd in part on other grounds*, 843 S.W.2d 480 (Tex. 1992). "No cause of action exists, under the Stowers doctrine, against any party other than the insurer." *Id.* at 254.

Empower cites *American Centennial* in support of its argument that it cannot be liable for a *Stowers* violation because it is not an insurer. Dkt. 31 ¶ 5. Empower's only summary judgment evidence is Hernandez's policy declaration page and an affidavit from a claims adjuster who

worked on the claims against Hernandez, Don Stallings. Dkt. 31 at 5-7. Stallings avers that Empower is a managing general agency licensed under Chapter 4053 of the Texas Insurance Code, not an insurer.[3] *Id.* at 6 ¶ 3.

Plaintiffs argue that summary judgment is inappropriate because, "[t]hrough Defendant Empower[']s own admission, representations, and discovery production it held itself out as an insurance group and was acting in that roll [sic] on behalf of Defendant Old American County Mutual Fire Insurance Company with complete control over the settlement." Dkt. 32 ¶ 7. Plaintiffs argue that their *Stowers* claim "deals with one policy payout, which was under the primary control and administration of Defendant Empower as an insurance group." *Id.* ¶ 12. As evidence, Plaintiffs submit Hernandez's policy declaration page and two letters from Empower, one to Hernandez and the other from Stallings to Stephen Stewart, indicating that Stewart's law firm had represented Resendez and requesting documentation. Dkt. 32 at 7-10.

The *American Centennial* court held that "[t]he duty imposed by the *Stowers* doctrine applies only to the insurer; it does not apply to the insurer's agents." 810 S.W.2d at 254. Empower, as a Managing General Agency, is not an insurer; rather, it is an agent of an insurer. The Texas Insurance Code defines a managing general agent as "a person, firm, or corporation that has supervisory responsibility for the local agency and field operations of an insurer in this state or that is authorized by an insurer to accept or process on the insurer's behalf insurance policies produced and sold by other agents." TEX. INS. CODE § 4053.001. A managing general agent's responsibilities generally include issuing policies in an insurer's name; collecting and handling premiums paid by insureds; and investigating, adjusting, and paying claims. *Lincoln Gen. Ins. Co.*

---

[3] Stallings states that Empower is now known as Alinsco Managing General Agency, Inc. Dkt. 31 at 6 ¶ 3.

*v. U.S. Auto Ins. Servs., Inc.*, 787 F.3d 716, 719 (5th Cir. 2015); *see also* TEX. INS. CODE § 4053.101 (listing the general powers and duties of a managing general agent).

Based on the record evidence, there is no genuine dispute as to any material fact that Empower is not an insurer. Hernandez's policy declaration page states that Old American is the insurer and that the policy is administered by Empower. Because Empower is not an insurer, it is entitled to summary judgment on Plaintiffs' *Stowers* claim.

### 2. *Soriano*

Empower next argues that it is entitled to summary judgment on Plaintiffs' "*Soriano*" cause of action because, rather than creating a new cause of action, *Soriano* merely "considers the application of a Stowers claim when there are multiple claimants whose claims exceed the limit of the insured's insurance policy." Dkt. 31 ¶ 6. Empower argues that it is entitled to summary judgment on this claim "because it is simply a repleading of the Stowers claim under another name." *Id.* Plaintiffs essentially agree with Empower's interpretation, stating that in *Soriano*, "the Texas Supreme Court required the insurer to consider the merits of the claim, as is the same . . . standard requirement under a Stowers claim." Dkt. 32 ¶ 15.

The Court agrees with the parties that *Soriano* governs the application of *Stowers* in cases with multiple claimants. *See, e.g.*, *Pride Transp. v. Cont. Cas. Co.*, 511 F. App'x 347, 351 (5th Cir. 2013); *Travelers Indem. Co. v. Citgo Petroleum Corp.*, 166 F.3d 761, 764 (5th Cir. 1999); *see also Gen. Star Indem. Co. v. Vesta Fire Ins. Corp.*, 173 F.3d 946, 949 (5th Cir. 1999) (stating that "Texas law recognizes only one tort duty in the context of third party claims against an insured, that being the duty owed by a primary insurer to its insured, as set forth seventy years ago in the landmark [*Stowers*] case"). Applying the same analysis as to the *Stowers* claim, Empower is entitled to summary judgment on Plaintiffs' *Soriano* claim because the *Stowers* duty only applies to insurers and Empower is not an insurer.

### 3. Conclusion as to *Stowers* and *Soriano*

Empower's Motion for Summary Judgment is granted as to the *Stowers* and *Soriano* claims.

## B. Breach of Contract Claim

Empower argues that it has no contractual duty to defend and indemnify Hernandez because it has no contract with him. Dkt. 31 ¶ 7. Plaintiffs respond that Empower is a party to a contract with Hernandez and has not met its burden to prove otherwise. Dkt. 32 ¶ 3. The Court agrees with Plaintiffs.

Under Texas law, insurance policies are written contracts. As with other contracts, courts "interpret and enforce them according to settled rules of construction," and "must give the policy's words their plain meaning, without inserting additional provisions into the contract." *Nat'l Union Fire Ins. Co. of Pittsburgh v. Crocker*, 246 S.W.3d 603, 606 (Tex. 2008).

Neither party submitted Hernandez's policy. Empower has not proffered evidence sufficient to meet its burden to demonstrate the absence of a genuine issue of material fact regarding Plaintiffs' breach of contract claim. The record does not conclusively establish whether or not Empower was a party to a contract with Hernandez. Therefore, Empower's Motion for Summary Judgment is denied as to the breach of contract claim.

## IV.   Conclusion

For the reasons discussed above, **IT IS ORDERED** that Defendant Empower's Motion for Summary Judgment (Dkt. 31) is **GRANTED IN PART AND DENIED IN PART**. The Motion is **GRANTED** as to the *Stowers* and *Soriano* claims and **DENIED** as to the Breach of Contract claim.

**SIGNED** on September 8, 2020.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE