**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| BERTHA ESCALANTE GALINDO, INDIVIDUALLY, AND AS NEXT FRIEND OF DAMARIS CALLEJAS ESCALANTE AND TANIA CALLEJAS ESCALANTE; AS A JUDGMENT CREDITOR OF KEVIN ALEXI OCHOA-HERNANDEZ; AND ON BEHALF OF KEVIN ALEXI OCHOA-HERNANDEZ<br>*Plaintiffs*<br><br>v.<br><br>EMPOWER MANAGING GENERAL AGENCY INC. AND OLD AMERICAN COUNTY MUTUAL FIRE INSURANCE COMPANY<br>*Defendants* | Case No. 1:19-CV-00904-SH |

**ORDER**

Before the Court are Defendant Empower Managing General Agency, Inc.'s ("Empower") Second Motion for Summary Judgment, filed September 15, 2020 (Dkt. 36), and Plaintiffs' Response, filed October 6, 2020 (Dkt. 38).[1]

**I. Background**

The Court recounted the facts and procedural history of this lawsuit in the Order Granting in Part and Denying in Part Empower's Motion for Summary Judgment (Dkt. 35) and will not repeat them in detail here. In short, this litigation arises from an October 2013 automobile accident in Austin, Texas, in which Kevin Alexi Ochoa-Hernandez ("Hernandez") was driving his car when he struck and killed David Callejas-Perez ("Perez").

---

[1] The parties have consented to trial before the undersigned Magistrate Judge.

Plaintiffs[2] allege that, at the time of his death, Perez was married to Bertha Escalante Galindo, with whom he had two minor children. Plaintiffs allege that Hernandez was insured by Defendant Old American County Mutual Fire Insurance Company ("Old American"), which directed Defendant Empower to investigate and handle the accident claim. Plaintiffs allege that Empower and Old American paid Hernandez's entire policy limits to persons not entitled to make a claim, namely, individuals claiming to be Perez's surviving spouse and child.

In their Amended Complaint, Plaintiffs alleged *Stowers* liability for negligently failing to settle; negligence under *Tex. Farmers Ins. Co. v. Soriano*, 881 S.W.2d 312, 314 (Tex. 1994) for failing to investigate before paying a claim; and breach of contract. Empower moved for summary judgment on all of Plaintiffs' claims. Dkt. 31. The Court granted summary judgment to Empower on Plaintiffs' *Stowers* and *Soriano* claims, finding no genuine dispute of material fact that Empower is a managing general agency, not an insurer. Dkt. 35 at 8. The Court denied summary judgment on Plaintiffs' breach of contract claims, finding that Empower failed to meet its burden because the contract at issue was not of record. *Id*.

Empower now argues that it is entitled to summary judgment on Plaintiffs' sole remaining claim because it was not a party to a contract with Hernandez. Dkt. 36. Empower submitted the insurance contract with its second motion for summary judgment, along with the Affidavit of Don Stallings, a claims adjuster who worked on the claims against Hernandez. Dkt. 36-1. Stallings is an employee of Alinsco Managing General Agency, Inc., formerly known as Empower. *Id.* ¶ 2.

---

[2] Plaintiffs are Bertha Escalante Galindo, individually and as next friend of her children, Damaris Callejas Escalante and Tania Callejas Escalante; as a judgment creditor of Kevin Alexi Ochoa-Hernandez; and on behalf of Hernandez through a turnover order, pursuant to TEX. CIV. PRAC. AND REM. CODE § 31.002.

## II. Legal Standard

Summary judgment shall be rendered when the pleadings, the discovery and disclosure materials, and any affidavits on file show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable factfinder could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court must view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio, Corp.*, 475 U.S. 574, 587 (1986); *Washburn*, 504 F.3d at 508. A court "may not make credibility determinations or weigh the evidence" in ruling on a summary judgment motion. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 345 (5th Cir. 2007). Unsubstantiated assertions, improbable inferences, and unsupported speculation also are not competent summary judgment evidence. *See id.* at 345-46. The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports its claim. *See Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006). If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

### III.     Analysis

Under Texas law, insurance policies are written contracts. As with other contracts, courts "interpret and enforce them according to settled rules of construction," and "must give the policy's words their plain meaning, without inserting additional provisions into the contract." *Nat'l Union Fire Ins. Co. of Pittsburgh v. Crocker*, 246 S.W.3d 603, 606 (Tex. 2008).

As stated, Empower argues that it has no contractual duty to defend and indemnify Hernandez because it has no contract with him. Plaintiffs respond that the policy is misleading and ambiguous, raising a fact issue as to whether Hernandez was in a contract with Empower. Dkt. 38 at 2-3. Plaintiffs assert that: "The plain meaning of the contract and policy are misleading, ambiguous and this raises a genuine issue of material fact whether Empower could be interpreted as the insured on the policy." *Id.* at 4.

The Court disagrees that a fact issue exists as to whether the policy is ambiguous. Instead, the policy declaration page states that Old American is the insurer and that the policy is administered by Empower. Dkt. 36-1 at 3. Similarly, the first page of the policy identifies Empower as managing general agent for Old American.[3] *Id.* at 4. Contrary to Plaintiffs' arguments, the policy provides a "clear definition on which company is providing the coverage." Dkt. 38 at 3. Empower has met its burden to show that there is no genuine dispute as to any material fact and that it is entitled to judgment as a matter of law on Plaintiffs' breach of contract claim.

---

[3] As stated in the Court's September 8, 2020 Order, a managing general agent's responsibilities generally include issuing policies in an insurer's name; collecting and handling premiums paid by insureds; and investigating, adjusting, and paying claims. *Lincoln Gen. Ins. Co. v. U.S. Auto Ins. Servs., Inc.*, 787 F.3d 716, 719 (5th Cir. 2015); *see also* TEX. INS. CODE § 4053.101 (listing the general powers and duties of a managing general agent).

## IV. Conclusion

For the reasons discussed above, **IT IS ORDERED** that Defendant Empower's Second Motion for Summary Judgment (Dkt. 36) is **GRANTED**. Empower Managing General Agency, Inc. is hereby **TERMINATED** as a defendant in this case. Plaintiffs' claims shall proceed against Defendant Old American County Mutual Fire Insurance Company.

**SIGNED** on November 30, 2020.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE